UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGERVICH PICKETT,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>            Defendants. | No.  1:26-cv-01593-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 10) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed March 23, 2026.

**I.**

**SCREENING ORDER**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

The California Department of Corrections and Rehabilitation (CDCR) was negligent, breached an implied contract, violated the Information Practices Act, violated the breach of confidentiality in medical information, and breached the implied covenant of good faith and fair dealings by allowing data breaches. CDCR has failed to provide Plaintiff with any information regarding whether his medical information was used to commit fraud, and they cannot provide if his information was used fraudulently.

Sergeant J. Williams violated Plaintiff's due process rights by sending a trust account withdrawal to the Kern Valley State Prison trust account office.  The act was fraudulent and intentional.  J. Williams waited until Plaintiff had funds in his account knowing that his act would cause Plaintiff mental anguish.  The trust withdraw was dated August 6, 2025, but Williams waited until September 11, 2025, after Plaintiff received funds from his family.  William's actions were misappropriation of his funds causing his funds to be taken without any guilty finding.

### III.

### DISCUSSION

#### A.   Eleventh Amendment

Plaintiff's claims against Defendants CDCR are barred by the Eleventh Amendment. The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). A suit against CDCR is barred by the Eleventh Amendment. See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009).  Plaintiff's state law claims against CDCR are also barred by Eleventh Amendment immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to state law claims brought in federal court); Ashker v. Cal. Dep't. of Corrections, 112 F.3d 392, 394 (9th Cir. 1997) (noting suit against CDCR arising under state law would be barred by the Eleventh Amendment).  Accordingly, Plaintiff cannot bring a section 1983 claim against CDCR.

#### B.   Data Breach

Plaintiff fails to state a cognizable claim because he fails to show either that his medical information was compromised or that he suffered an injury in fact as a result of any "data breach." Article III of the Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. " 'One element of the case-or-controversy requirement' is that plaintiff [ ] 'must establish that [he has] standing to sue.' " Clapper v.

3

Amnesty Int'l USA, 133 S. Ct. 1138, 1146 (2013) (quoting Raines v. Byrd, 521 U.S. 811, 818(1997) ). To satisfy Article III standing, plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks, brackets and ellipses omitted).

The fact that medical records are entitled to privacy protections, under state law or under federal law, does not, itself, provide for a private right of action under § 1983. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007) (citing Standards for Privacy of Individually Identifiable Health Information, 65 Fed. Reg. 82462-01, 82601 (Dec. 28, 2000) (to be codified at 45 C.F.R. pt. 160 and 164) ("Under HIPAA, individuals do not have a right to court action.") ).

While potential future harm can in some instances confer standing, plaintiff must face "a credible threat of harm" that is "both real and immediate, not conjectural or hypothetical." Krottner v. Starbucks Corp., 628 F.3d 1139, 1143 (9th Cir. 2010) (citations and internal quotation marks omitted) (holding that threat of potential identity theft created by theft of a laptop known to contain plaintiffs' unencrypted names, addresses, and social security numbers was sufficient to confer standing, but that "more conjectural or hypothetical" allegations would make threat "far less credible"); Clapper, 133 S. Ct. at 1147 ("[A]n injury must be concrete, particularized, and actual or imminent." (Citation and internal quotation marks omitted.) ).

Here, although Plaintiff contends that there was a data breach and his health care information which was disclosed outside CDCR, he fails to demonstrate whether Plaintiff's information was viewed by anyone, and Plaintiff cannot state a claim for relief based upon the speculative breach of his sensitive information. Thus, Plaintiff has failed to demonstrate standing for this alleged constitutional violation. See Fleck & Assoc., Inc. v. City of Phoenix, 471 F.3d 1100, 1106-07 (9th Cir. 2006) (dismissal for lack of standing is without prejudice).

In addition, Plaintiff cannot proceed solely on a claim of negligence in this section 1983 action.   Although the Court may exercise supplemental jurisdiction over state law claims, plaintiffs must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Moreover, if a plaintiff pursues state law claims, the plaintiff must clearly identify each claim and demonstrate compliance with the California Government Claims Act as to each claim. Cal. Gov't Code § 810, et seq. The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act must be pled in the complaint. Id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007). Such requirements also apply to state law claims included in a federal action under § 1983. See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Gov't. Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov't. Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the California Government Claims Act for pendant state law claims that seek damages against state employees or entities. Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969); Mangold, 67 F.3d at 1477. State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were presented in compliance with the applicable exhaustion requirements. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir.

1988); Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

Here, Plaintiff included no allegation that she has complied with the California Government Claims Act, and he has not stated a cognizable constitutional violation.  Therefore, Plaintiff cannot proceed on a state law negligence claim.

### C.    Deductions From Prison Trust Account

Plaintiff alleges that funds were improperly withdrawn from his prison trust account.

A prisoner's interest in the funds in his prison trust account is a protected property interest. Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (as amended); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). As a result, a state prisoner may not be deprived of funds in his trust account without adequate due process. See Quick, 754 F.2d at 1523. However, the negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 129-32 (1990). Thus, where a state provides adequate post-deprivation remedies for random, unauthorized deprivations of liberty or property, a Section 1983 cause of action will not exist. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); see also Willoughby v. Luster, 717 F. Supp. 1439, 1443 (D. Nev. 1989) ("[W]here a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie."). "[B]y providing the plaintiff with adequate means for seeking redress of his loss, the state has provided 'due process of law.' " Willoughby, 717 F. Supp. at 1443 (citations omitted). The Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a Section 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895); see also Stribling v. Wilson, 770 F. App'x 829, 830 (9th Cir. 2019).[1]

---

[1] Further, whether Plaintiff succeeded in redressing his alleged loss through the available state remedies is immaterial. Hupp v. Cty. of San Diego, ED CV 14-576-VAP (SP), 2016 WL 11758807, at *8 (C.D. Cal. Sept. 27, 2016), accepted by 2016 WL 11759108 (C.D. Cal. Nov. 9, 2016). "[I]t is the existence of these alternate remedies

As adequate state law procedures existed to address the alleged loss, Plaintiff cannot state a due process claim against Defendant Williams. See Roberts v. Lynch, No. 2:20-cv-01349 WBS DB P, 2022 WL 196531, at *4 (E.D. Cal. Jan. 21, 2022) (plaintiff failed to state a due process claim based on the allegation that funds were taken from his prison trust account); Jordan v. Diaz, No. No. 5:20-cv-00574-MWF-JC, 2020 WL 5167738, at *9 (C.D. Cal. Apr. 25, 2020) (finding plaintiff failed to state a viable due process claim based on the deduction of a fee from his prison trust account because plaintiff had adequate post-deprivation remedy under California law).

Further, to the extent Plaintiff challenges how his grievances regarding this matter were handled, he cannot state a valid claim under § 1983 either. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). So "when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right." Malone v. Jones, No. 1:09-cv-01397 JLT (PC), 2010 WL 4394086, at *2 (E.D. Cal. Oct. 29, 2010); see also Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015) ("An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983."); Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (no showing that prison officials violated the inmate plaintiff's federal rights by screening out his grievances with no basis).

### D.     Leave to Amend Would be Futile

Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); see also Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

that bars him from pursuing a § 1983 procedural due process claim.' " Id. (citation omitted); see also Dennison v. Ryan, 522 F. App'x 414, 417-18 (9th Cir. 2013) (inmate's alleged inability to access grievance procedure regarding property loss did not render post-deprivation remedy inadequate under Hudson); Willoughby, 717 F. Supp. at 1443 ("simply the existence of these alternate remedies forecloses the availability of a § 1983 procedural due process claim").

Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).  Therefore, this action should be dismissed without leave to amend.

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge

8